IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COURTNEY TRENT RICHARDSON, 354007, )
    Petitioner, )
     )
    v. ) 2:11-cv-541
     )
MICHAEL W. CURLEY, et al., )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Courtney Trent Richardson, an inmate at the Muskegon Correctional Facility in Muskegon, Michigan has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Richardson is serving a life and concurrent five to ten year sentence imposed following his conviction by a jury of first degree murder and conspiracy to commit murder at Nos. 534 and 588 of 1980, in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on June 8, 1981.[1] An appeal was taken to the Superior Court which Court affirmed the judgment of sentence on July 27, 1984 and leave to appeal was denied by the Pennsylvania Supreme Court on January 7, 1985.[2]

    As set forth in the petition, and as demonstrated by Docket No. CP-26-CR-534-1980[3] Richardson filed a post-conviction petition on December 12, 1992 and after several amendments that petition was dismissed on February 11, 1997. The Superior Court affirmed the denial of relief on April 15, 1998.

    A second petition for post-conviction relief was filed on October 15, 1998 and dismissed as untimely on October 23, 1998. An appeal was taken to the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on January 10, 2000.

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶ 9.
[3] The Docket can be located on the Pennsylvania Judiciary's Web Application Portal, http://ujportal.pacourts.us.

A third post-conviction petition was filed on March 9, 2009 and it was denied as "patently untimely" on March 13, 2009. The denial of relief was affirmed by the Superior Court on February 5, 2010.

A fourth post-conviction petition was filed on July 19, 2010 and denied on August 20, 2010 as the court concluded that it lacked jurisdiction to entertain the petition. Apparently the denial of relief was affirmed on appeal and on November 9, 2010, leave to appeal was denied by the Pennsylvania Supreme Court.

In the petition presently before this Court which was executed on April 22, 2011, Richardson contends he is entitled to relief on the following grounds:

1. Newly discovered evidence dictates that [the Supreme Court, Superior Court and the Commonwealth Court lacked] jurisdiction for appeal purposes.

2. Misstatements of the law lead to a fundamental miscarriage of justice. This included reading improper jury instructions.

3. Did all prior counsel render ineffective assistance of counsel. Trial counsel never objected to improper jury instructions; PCRA counsel never raised trial counsel's ineffectiveness on this issue. New[ly] appointed PCRA counsel never raised ineffectiveness o[f] both trial counsel and original PCRA counsel's ineffectiveness on this issue.

4. Did a fundamentally unfair trial and all previous collateral proceedings occur. The state was relieved of proving all elements of their case by the reading of improper jury instructions. Misapplication of the law.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on January 7, 1985, the time in which to seek certiorari expired on April 7, 1985, and his conviction became final on that date. The petitioner did not seek post-conviction relief until December 12, 1992 and that petition was denied on appeal on April 15, 1995. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus the petitioner would have had until April 23, 1997 to seek relief here. The petitioner subsequently filed three untimely post-conviction petitions and did not execute the instant petition until April 22, 2011. Since Richardson's second, third and fourth post-conviction petitions were not timely filed in the state courts[4], they were not "timely filed" for federal habeas corpus purposes, and in order for him to have sought timely relief here, the instant petition should have been filed by April 23, 1997.The instant petition was executed fourteen years after it could have been submitted. Thus, it is clearly untimely

Because the issues which the petitioner seeks to raise here could have been raised in timely state court petitions and no impediments existed for his not doing do, his petition here is subject to dismissal. Accordingly, the petition of Courtney Trent Richardson for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[4] 42 Pa.C.S.A. 9545(b)(1).

ORDER

AND NOW, this 19th day of May, 2011, for the reasons set forth in the foregoing Memorandum, the petition of Courtney Trent Richardson for a writ of habeas corpus is dismissed and a certificate of appealability is denied;

IT IS FURTHER ORDER that on or before fourteen days from this date, the petitioner show cause, if any, why judgment should not be entered accordingly. Failure to do so will result in a waiver of any appellate rights.

s/ Robert C. Mitchell
United States Magistrate Judge